IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:09 CR 132

           Plaintiff,             O R D E R

           -vs-             JUDGE JACK ZOUHARY

Jeffrey Scott,

           Defendant.

James Faller filed a Motion for Next Friend Status (Doc. No. 27), seeking to file a Motion pursuant to 28 U.S.C. § 2255 on behalf of Defendant Jeffrey Scott. Scott pleaded guilty to stealing property from the United States, and, on July 21, 2009, he was sentenced to 13 months of imprisonment (Doc. No. 12). He is currently in the custody of the Bureau of Prisons in Morgantown, West Virginia. Faller also filed a Motion for Emergency Injunctive Relief (Doc. No. 28) on behalf of Scott, requesting that prison officials immediately provide Scott with appropriate medical care.

Faller has not made the necessary showing to warrant "next friend" status. There are two prerequisites to "next friend" standing: (1) "a 'next friend' must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 US. 149, 163-64 (1990). "It is clear that the burden is . . . on the putative 'next friend' to demonstrate, not simply assert, the incompetence of the prisoner." *West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001).

This Court has no doubt that Faller, who is Scott's former brother-in-law, is "truly dedicated" to Scott's best interests. But Faller has not shown why Scott could not bring a Section 2255 action himself. Faller claims that Scott has recently been placed in the prison's Special Housing Unit (SHU), with limited access to outside contacts or legal materials. However, even if placement in SHU prevented Scott from making legal filings, he was only placed there on May 26, 2010 (Doc. No. 28, p. 5). There is no indication that Scott was prevented from pursuing a Section 2255 motion before his placement in SHU or will be prevented from doing so after he is released.

As to Faller's Motion for Emergency Injunctive Relief, Faller is primarily concerned with Scott's access to adequate medical care. This Court does not take Faller's concerns lightly. However, this is not the proper forum to address claims of inadequate medical care. Complaints about conditions of confinement (rather than the fact or duration of confinement) in a federal prison must be made in a *Bivens* civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Even if Faller's arguments did relate to the fact or duration of Scott's confinement, they should be brought under 28 U.S.C. § 2241 in the district in which Scott is confined. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

For these reasons, Faller's Motions for Next Friend Status and for Injunctive Relief are denied. Faller's proposed Section 2255 Motion (Doc. No. 27-2) is stricken.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 9, 2010